# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JEBEE HARVEY**, *Individually*,

    Plaintiffs,

v.

**CASE NO. _____**

**Jury Demanded**

**E & H 2.0, LLC**, *a Tennessee limited liability company,*
**TYSON BRIDGE**, *an individual*, and
**JOHN KALB**, *an individual*

    Defendants.

## COMPLAINT

Plaintiff JeBee Harvey ("Plaintiff") brings this action against E & H 2.0, LLC, Tyson Bridge, and John Kalb (collectively "Defendants"), and alleges as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover back pay, front pay, actual, compensatory, liquidated, and punitive damages, as well as pre and post-judgment interest, attorneys' fees, costs, and such other compensation and legal remedies, and also including such declaratory and injunctive or other equitable relief, as the law allows, all owed to Plaintiff due to Defendants' violations of the FLSA's anti-retaliation provisions

2. On March 16, 2022 Plaintiff filed her "consent to join" form in the related matter of *Leopard et. al. v. Local in Memphis, LLC et. al.*, No. Case 2:22-cv-02154-TLP-tmp ("the *Leopard* matter"). The *Leopard* matter is a FLSA collective action seeking to recover unpaid overtime and minimum wages.

1

3. E & H 2.0, LLC, Tyson Bridge, two (2) of the three (3) Defendants named in this matter, are also Defendants in the *Leopard* matter.

4. As discussed in greater detail below, on September 29, 2022, Plaintiff was unlawfully terminated in retaliation for opting-in to the *Leopard* matter and pursuing her rights under the FLSA.

## II.     JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's anti-retaliation provisions. Jurisdiction over Plaintiff's FLSA retaliation claim is based on 29 U.S.C. § 2165(a)(3) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district and performed work for Defendants in this district at all times relevant to this action. Moreover, Defendants regularly conducted and continue to conduct business in this district, and the allegations giving rise to this litigation occurred in this district.

## III.     PARTIES

7. Defendant E & H 2.0, LLC ("Defendant E & H") is a Tennessee limited liability company with its principal offices located at 1554 Peabody Ave, Memphis, Tennessee 38104. Defendant E & H operates in Memphis, Tennessee as Earnestine & Hazel's bar/restaurant. Defendant E & H's registered agent for service of process is Tyson Bridge, 1554 Peabody Ave, Memphis, Tennessee 38104.

8. Defendant Tyson Bridge ("Defendant Bridge") owns and operates E & H 2.0, LLC. Defendant Bridge is an individual residing in Tennessee and can be served with process at 1554 Peabody Ave, Memphis, Tennessee 38104, or wherever he may be found.

9. Defendant John Kalb ("Defendant Kalb") is a business partner of Tyson Bridge and, upon information and belief, has an ownership interest in E & H 2.0, LLC. Defendant Kalb is an individual residing in Tennessee and can be served with process at 6602 Green Shadows Lane, Memphis, Tennessee 38119 or wherever he may be found.

10. Ms. Harvey was employed by Defendants as a tipped-employee at Defendants' Earnestine & Hazel's restaurants within the past three years preceding the filing of this lawsuit.

### IV.     COVERAGE

11. Defendants were Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) during all times relevant and material to this lawsuit.

12. Plaintiff was Defendants employee as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

13. Likewise, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times relevant and material to this action.

14. At all times relevant and material to this Complaint, Defendants have been subject to the requirements of the FLSA because they have been an enterprise engaged in interstate commerce, and their employees likewise have been engaged in interstate commerce.

15. Defendants also jointly employed Plaintiff.

16. Defendants Kalb and Bridge have acted directly or indirectly in the interest of an employer in relation to Plaintiff, their employee.

## V.     FACTS

17. Defendants collectively own and operate Earnestine & Hazel's, a self-proclaimed "dive bar" that asserts it "represents what Memphis is all about – great music, great food, and great times." https://www.earnestineandhazel.com/history (last visited September 30, 2022).

18. As noted above, the *Leopard* matter was filed under the FLSA to, inter alia, recover unpaid overtime and minimum wages for tipped-employees of Earnestine & Hazel's.

19. Ms. Harvey asserted a claim in the *Leopard* matter on March 16, 2022. *See* No.:22-cv-02154-TLP-tmp (ECF No. 8).

20. On September 29, 2022 Plaintiff was fired from her job at Earnestine & Hazel's.

21. Plaintiff's manager, Tom Smith, informed Plaintiff that her employment was terminated because Defendants Tyson Bridge and John Kalb could not let Ms. Harvey remain employed due to her involvement in the *Leopard* matter..

22. Thus, Plaintiff's employment was terminated in retaliation for asserting a claim under the FLSA.

## VI.     DEFENDANTS BRIDGE & KALB'S INDIVIDUAL LIABILITY

23. Throughout the recovery period applicable to this action, individual Defendants Tyson Bridge and John Kalb exercised operational control over the business activities and operations of Defendants restaurants, including control over Plaintiff's pay.

24. Defendants Bridge and Kalb directed and controlled work performed by Plaintiff and all other employees who worked for Defendants; hired and fired employees; and implemented, approved, and/or ratified pay policies.

25. Critically, it was at Defendants Bridge and Kalb's behest that Plaintiff's employment was unlawfully terminated.

26. Accordingly, Defendants Bridge and Kalb acted "directly or indirectly in the interest of an employer in relation to" the Plaintiff within the meaning of Section 203(d) of the FLSA, and are thus individually and personally liable for all relief sought herein.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATION – RETALIATION

27. Plaintiff repeats and re-alleges all preceding paragraphs as if they were set forth herein.

28. Plaintiff's action in asserting a claim in the *Leopard* matter was a protected activity under 29 U.S.C. § 215(a)(3).

29. Defendants violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiff for engaging in activity protected under the FLSA. Plaintiff engaged in protected activity. Defendants were aware of this protected activity before taking adverse employment actions against Plaintiffs. Plaintiff was terminated. Plaintiff's termination was causally connected to and because she engaged in protected activity. As a result of Defendants' conduct, Plaintiff has suffered monetary damages (lost wages, both past and future), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages.

30. Defendants' conduct was willful and/or in reckless disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

Whereas, Plaintiff requests this Court to grant the following relief against Defendants:

A. An award of back pay, front pay, and liquidated damages;

B. An award of punitive damages;

C. An award of compensatory damages;

D. An award of prejudgment interest and post-judgment interest at the applicable legal rate;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff; and

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: September 30, 2022.     Respectfully submitted,

/s/Robert E. Morelli, III
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff*